[No. 29029-1-I.   Division One.   December 16, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT
ANTHONY SILVA, *Appellant.*

*Jessica Ryan* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Constance Crawley, Deputy,* for respondent.

WEBSTER, C.J. — Robert Silva appeals his conviction of one count of first degree theft. He argues the trial court erred in denying his motion to dismiss for violation of his right to a speedy trial.

## FACTS

Silva was arraigned on March 22, 1991. June 20, 1991, was Silva's 90-day speedy trial expiration date. Trial was set for June 11. When the case was called on June 11, the court, upon agreement of the parties, changed the trial date to June 17. The court asked Silva's counsel if the delay was satisfactory with her, adding "We don't need a continuance or anything because of speedy trial?", to which she responded affirmatively. When Silva's case was called on June 17, the State requested and was granted a CrR 3.3(d)(8) 5-day extension to June 24. Silva's counsel objected to the extension. On June 18, the court heard Silva's argument objecting to the extension on speedy trial grounds. The court explained that there were neither courtrooms nor judges available to hear Silva's case. As presiding judge, the court listed the matter each judge in the other 10 trial departments was presently occupied with, concluding that there was no judge available to hear criminal matters. When Silva's counsel noted that there were two empty courtrooms, the court offered Silva a judge pro tempore. Silva refused, declining to waive the right to trial before an elected judge.

On June 24, the case was assigned to another judge for trial. Silva's counsel renewed her objection and moved to dismiss for violation of Silva's speedy trial rights. The parties informed the trial judge of the circumstances described above. The trial judge determined that there was still an issue as to whether the June 11 change of trial date could be classified as a continuance, and reserved ruling on the motion to dismiss until the court that granted the delay resolved this issue. The trial proceeded as scheduled and Silva was convicted.

On July 12, the court that granted the delay heard argument regarding the classification of the June 11 change of trial date. If viewed retroactively as a CrR 3.3(h) continuance, as the prosecution desired, Silva's speedy trial period would have expired on June 26, rather than June 20, because under CrR 3.3(g)(3), CrR 3.3(h) continuances are excluded from speedy trial calculation. Thus, according to the prosecution, because Silva was brought to trial on June 24, there would be no speedy trial problem. The court declined to classify the date change from June 11 to June 17 as a continuance, however, stating that the parties had expressly agreed on June 11 that there was no need for a continuance for reasons of speedy trial. The court stated that any speedy trial problem arose on June 18, when the parties were on the calendar but unable to go to trial, not June 11, when the first delay was granted.[1]

At the July 19 sentencing hearing before the trial judge, Silva renewed his motion to dismiss. Deferring to the court's ruling on the nature of the June 11 delay, the trial judge denied the motion to dismiss.

## DISCUSSION

Silva claims the court erred in granting a 5-day extension 2 days beyond the speedy trial period based on court congestion.[2] Silva argues that pursuant to CrR 3.3(c)(1) and CrR

---

[1] The parties and the court initially believed that the expiration date was June 18. The State later discovered the error and the parties agreed that the proper expiration date was June 20.

[2] The prosecution had requested that the court call the first delay — from June 11 to June 17 — a continuance which would have operated to extend speedy trial time to June 26, mooting any speedy trial issue. This delay, however, is not in issue. The court properly exercised its discretion to move trial by 5 days to a date within speedy trial, without labeling the delay an extension or a continuance (both of which would have extended speedy trial time by the period of delay granted). Thus, here, speedy trial time expired on June 20, and only the second delay, the 5-day extension from June 17 to June 24, is relevant. *See* CrR 3.3; *State v. Raper*, 47 Wn. App. 530, 535, 736 P.2d 680, *review denied,* 108 Wn.2d 1023 (1987); *State v. Andrews,* 66 Wn. App. 804, 812, 832 P.2d 1373 (1992), *review denied,* 120 Wn.2d 1022 (1993).

3.3(i) he was not brought to trial within the required 90-day period. Therefore, Silva asserts, the trial court should not have granted the extension, and instead, should have granted his motion to dismiss for failure to comply with CrR 3.3.

CrR 3.3(c)(1) mandates that "[a] defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment." CrR 3.3(i) provides that "[a] criminal charge not brought to trial within the time period provided by this rule shall be dismissed with prejudice." CrR 3.3(d)(8) provides:

> When a trial is not begun on the date set because of un-avoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension.

■ ■ Speedy trial within CrR 3.3 time periods is not a constitutional mandate, and a trial court's grant or denial of a motion for a CrR 3.3 continuance or extension will not be disturbed absent a showing of a manifest abuse of discretion. *State v. Campbell*, 103 Wn.2d 1, 14, 691 P.2d 929 (1984), *cert. denied*, 471 U.S. 1094 (1985); *State v. Raper*, 47 Wn. App. 530, 537, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987); *State v. Andrews*, 66 Wn. App. 804, 832 P.2d 1373 (1992), *review denied*, 120 Wn.2d 1022 (1993). In evaluating a decision to grant an extension, an abuse of discretion occurs only where discretion was exercised on untenable grounds or for untenable reasons. *Andrews*, at 810.

The Washington Supreme Court has held that a general allegation of "docket congestion" is insufficient to support a finding of good cause to continue a trial beyond the mandate of the speedy trial rule. *State v. Mack*, 89 Wn.2d 788, 793-95, 576 P.2d 44 (1978).[3] The *Mack* court specifically commented

---

[3]Although construing former JCrR 3.08, the *Mack* court held that former JCrR 3.08 is to be interpreted consistently with its superior court counterpart, CrR 3.3. *Mack*, at 793. (JCrR 3.08 is now CrRLJ 3.3.)

on the trial court's apparent failure to try to relieve docket congestion by modifying its procedures or using pro tempore judges. *State v. Mack*, 89 Wn.2d at 794.[4] More recently, in *State v. Kokot*, 42 Wn. App. 733, 713 P.2d 1121, *review denied*, 105 Wn.2d 1023 (1986), the court reversed the grant of a 27-day continuance on grounds of court congestion, noting specifically in its opinion that the record contained no information regarding the number of courtrooms actually in use at the time of the continuance, or the availability of visiting judges to hear criminal cases in unoccupied courtrooms. *State v. Kokot, supra* at 736-37. Without these or similar facts, said the court, a continuance granted for court congestion was an abuse of discretion. *State v. Kokot, supra* at 736-37.

■ This case is factually distinguishable from *Kokot*, in which a *monthlong* continuance was disapproved. Here, although the court granted a 5-day extension, it extended the case only 2 judicial days beyond the speedy trial expiration date,[5] and thus any potential prejudice was de minimis. Moreover, Silva did not allege any prejudice from the delay. CrR 3.3(d)(8); *see State v. Brown*, 40 Wn. App. 91, 94-95, 697 P.2d 583 (5-day extension to *1 day* past speedy trial affirmed where prosecutor had scheduling conflict and defendant did not show "substantial prejudice" by extension), *review denied*, 103 Wn.2d 1041 (1985).

Here, when the court became aware speedy trial was about to expire, it did not rely upon a mere assertion of "docket congestion" to justify the extension. As recommended in *Kokot*, the court substantiated its assertion that court congestion was unavoidable by carefully making a record of why each trial department was unavailable to try this case. *See*

---

[4] *Mack's* principle that a general allegation of docket congestion is insufficient to grant CrR 3.3(h) continuances also applies to CrR 3.3(d)(8) 5-day extensions. *State v. Stock*, 44 Wn. App. 467, 473, 772 P.2d 1330 (1986); *State v. Palmer*, 38 Wn. App. 160, 162, 684 P.2d 787 (1984).

[5] CrR 3.3(d)(8) allows an extension of "5 days exclusive of Saturdays, Sundays, or holidays". Since speedy trial expired on Thursday, June 20, and the case was moved to Monday, June 24, only 2 judicial days — Friday, June 21, and Monday, June 24 — can be counted as days past speedy trial.

*State v. Kokot*, 42 Wn. App. at 737. The court also attempted to follow the dictates of *Mack* and *Kokot* by trying to relieve docket congestion by offering to call in a judge pro tempore to try the case in one of two empty courtrooms, which Silva refused. Thus, the court made every effort to responsibly manage its resources and to try Silva within speedy trial time limits.

Finding no violation of the speedy trial rule, we affirm.

PEKELIS and FORREST, JJ., concur.

Review denied at 123 Wn.2d 1030 (1994).