[Nos. 22269-8-II; 22390-2-II.    Division Two.    July 9, 1999.]
THE STATE OF WASHINGTON, *Respondent,* v. LAMAR DATHEN WARREN, *Appellant.*

*Leslie Eugene Tolzin*, for appellant.

*John W. Ladenburg, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

ARMSTRONG, A.C.J. — While participating in the Pierce County Drug Court Program, Lamar Warren was convicted of unlawful delivery of a controlled substance, resulting in his expulsion from the drug court program and conviction of the charge for which he had been referred to the drug program. On appeal, Warren raises several issues, including a violation of the speedy trial rule. We hold that Warren's right to a speedy trial was violated; accordingly we reverse and dismiss both convictions.

## FACTS

In November 1996, Warren entered the Pierce County Drug Court Program. Successful completion of the program would have resulted in dismissal of a pending charge of possession of a controlled substance. One condition of the program was that Warren not violate any law.

On April 22, 1997, while still enrolled in the Drug Court program, Warren was charged with unlawful delivery of a controlled substance. RCW 69.50.401(a)(1)(i). Warren was arraigned on April 24, 1997, and trial was set for June 18, 1997. On June 11, 1997, the State moved to continue the trial because the deputy prosecutor assigned to the case was scheduled to attend an out-of-town Continuing Legal Education class on June 18. The State asked that the trial be set on June 23, 1997, the last day of the speedy trial period. Defense counsel objected, arguing that another deputy prosecutor should handle the case. The court continued the trial to June 23, 1997.

On June 23, 1997, after waiting until 3:00 P.M. for an available courtroom, the court continued the trial two days under CrR 3.3(d)(8) because no courtrooms were available. The court signed a form prepared by the court administrator, which recited that no courtrooms were available. Again Warren's counsel objected, advising the court that counsel was scheduled to start a homicide trial on June 25 and that because the case involved out of state witnesses, the judge presiding over the homicide case would not continue it to accommodate Warren's trial.

The homicide trial apparently started on June 25 and because of this, Warren's attorney was not available until July 9. In the meantime, the court granted two five-day continuances and one two-day continuance over Warren's objections. The trial ultimately began on July 9, 1997, sixteen days past the speedy trial date.

Warren was convicted and expelled from the Drug Court program. After a stipulated-facts bench trial, Warren was convicted of the drug charge underlying his referral to the Drug Court program.

## ANALYSIS

█ We review an order granting a continuance for an abuse of discretion. *State v. Silva*, 72 Wn. App. 80, 83, 863 P.2d 597 (1993) (citing *State v. Campbell*, 103 Wn.2d 1, 14, 691 P.2d 929 (1984)). "[A]buse of discretion occurs only where discretion was exercised on untenable grounds or for untenable reasons." *Silva*, 72 Wn. App. at 83 (citing *State v. Andrews*, 66 Wn. App. 804, 810, 832 P.2d 1373 (1992)).

On June 23, 1997, the court continued the trial two days past expiration of the speedy trial period because of "courtroom unavailability." Continuances past the speedy trial date that are not based on certain specified grounds (none of which apply in this case) are governed by CrR 3.3(d)(8):

> *Five-Day Extensions.* When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension. If the nature of the unforeseen or unavoidable circumstance continues, the court may extend the time for trial in increments of not to exceed 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension.

██ Court congestion is not "good cause" to continue a criminal trial beyond the prescribed time period. *State v. Mack*, 89 Wn.2d 788, 794, 576 P.2d 44 (1978). And courtroom unavailability is synonymous with "court congestion," *State v. Kokot*, 42 Wn. App. 733, 737, 713 P.2d 1121 (1986). Further, without " 'good cause' for the delay, dismissal is required." *Mack*, 89 Wn.2d at 794 (citing *State v. Williams*, 85 Wn.2d 29, 32, 530 P.2d 225 (1975)).

But the *Mack* rule has not been rigidly applied. In *Kokot*, Division Three suggested that a five-day extension might have been permitted if the record had shown "how many

courtrooms were actually in use at the time of this continuance, the availability of visiting judges to hear criminal cases in unoccupied courtrooms, etc. Without these facts a continuance granted for court congestion was an abuse of discretion." *Kokot*, 42 Wn. App. at 737 (citing *Mack*, 89 Wn.2d at 795).

Adopting the *Kokot*, suggestion, Division One affirmed a conviction where the trial court

> substantiated its assertion that court congestion was unavoidable by carefully making a record of why each trial department was unavailable to try [the] case[, and] [t]he court also attempted to follow the dictates of *Mack* and *Kokot* by trying to relieve docket congestion by offering to call in a judge pro tempore to try the case in one of two empty courtrooms, which [the defendant] refused.

*Silva*, 72 Wn. App. at 84-85 (citing *Kolot*, 42 Wn. App. at 737). *Silva* also noted that the five-day continuance extended the trial only two judicial days beyond the speedy trial expiration date and thus any potential prejudice to the defendant was de minimis. *Silva*, 72 Wn. App. at 84.

Here, as in *Silva*, the first continuance beyond the speedy trial period was for only two days. But the court was aware that in all likelihood the two-day continuance would push the trial date beyond the end of the homicide trial—sixteen days. And the trial court did not make the detailed explanation on the record of why each superior court department was unavailable on June 23, as required by *Kokot* and *Silva*. Nor did the court offer Warren a judge pro tempore as in *Silva*.

We hold that to comply with *Mack*, in granting CrR 3.3(d)(8) continuances past the speedy trial period, the trial court must consider the length of the continuance and the likelihood that the continuance will result in additional delay; further, if additional delay is likely, the court should consider the probable length of such delay. Finally, to allow meaningful review, the court should establish some record of why each superior court department is unavailable and whether a judge pro tempore could reasonably be used.

Because the court did not consider the likely actual delay caused by the initial two-day continuance and did not provide any detailed explanation of why the individual superior court departments were unavailable, we reverse and dismiss Warren's convictions.

Reversed and dismissed.

SEINFELD and HOUGHTON, JJ., concur.