[No. 23199-9-II. Division Two. January 26, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. GARNETT LYNN
WILLIAMS, *Appellant*.

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Michael L. Sommerfeld, Deputy*, for respondent

WANG, J.[*] — Garnett Lynn Williams appeals his convictions on three counts of first degree robbery. He argues that his rights to a speedy trial were violated because of five continuances, granted primarily because of the unavailability of the assigned deputy prosecutor. He also argues that the trial court erred in admitting evidence of his alleged reputation in the community as a thief, that this was not harmless error, and that the trial court erred when it did not allow him to rebut this with evidence of his lack of prior convictions. Williams also raises numerous other issues, including two sentencing errors which the State concedes. We hold that speedy trial rights were not violated, but that it was reversible error to admit reputation evidence. We reverse and remand for a new trial without the reputation evidence.

[*] Judge Wang is serving as a judge pro tempore for the Court of Appeals, pursuant to RCW 2.06.150(2).

# I. SPEEDY TRIAL ISSUES

## A. Pretrial Procedures

Williams was charged with three counts of robbery in the first degree for three incidents in August, September, and October 1997. Defense counsel was appointed, but was removed and replaced on December 23, 1997. Trial was scheduled for January 12, 1998, the 59th day after arraignment.

On January 12, 1998, counsel for both parties requested a continuance. The deputy prosecutor was involved in an aggravated murder trial, and newly-appointed defense counsel needed more time to prepare for trial. Williams did not want to waive his right to a speedy trial and wanted to go to trial that day. The court wanted to grant "a five-day-emergency continuance,"[1] but due to scheduling difficulties granted a continuance for only two days, to January 14, 1998. The prosecutor acknowledged that he would not be finished with his other trial by then and would need another continuance. The written "Order for Continuance of Trial Date" included findings that "Prosecutor is currently in a murder trial and defense counsel had represented that he was going to request a continuance because he was recently appointed" and that "a continuance is required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of the defense." Clerk's Papers at 29.

---

[1] There is a great deal of confusion in the record about application of the provisions for extensions and continuances under the speedy trial rule, as discussed below. The discussion at the hearing of January 12, 1998, was based on a five-day extension pursuant to CrR 3.3(d)(8), whereas the written order appears to be based on standards for a continuance pursuant to CrR 3.3(h)(2). This pattern of oral discussion based on CrR 3.3(d)(8) and a written order based on CrR 3.3(h)(2) was repeated on January 14, 1998. On January 21, 1998, the State requested a longer continuance instead of a five-day extension. The court orally announced it would grant only a five-day extension, but the written order continued to reflect CrR 3.3(h)(2). On January 28, 1998, and on February 4, 1998, both the oral discussion and the written orders specify CrR 3.3(d)(8). At oral argument before this court, the State conceded that these should have been continuances under CrR 3.3(h)(2) rather than five-day extensions under CrR 3.3(d)(8).

On January 14, 1998, the court granted a five-day continuance to January 21, 1998, to allow another prosecutor to be assigned to the case. Defense counsel stated that he was not ready for trial, but that Williams insisted on proceeding and requested dismissal due to denial of his right to a speedy trial. The written order found that "Deputy Prosecuting Attorney is currently in trial on another case. The defense attorney has recently been appointed and needs additional time to prepare." Clerk's Papers at 30. The trial court found that the continuance was "required in the due administration of justice" and did not substantially prejudice Williams. Clerk's Papers at 30.

On January 21, 1998, the State argued that the assigned deputy prosecutor's murder trial was expected to last at least another two weeks and that no other deputy prosecutor from the appropriate unit was available to try the Williams case. The State requested a continuance until February 11, 1998. Williams continued to insist on going to trial, even though his counsel continued to state that he was not prepared for trial. The State asked the court to release Williams on personal recognizance to extend the speedy trial period, knowing that Williams would remain in custody on other charges. The court did not release Williams, orally announced that it would grant a five-day extension instead of a longer continuance, and signed a written order of continuance to January 28, 1998. Although the court orally stated that its reasons for granting the continuance were that the prosecutor was involved in another case that would last at least another two weeks and that defense counsel was not fully prepared, its written order referred only to the prosecutor's unavailability.

On January 28, 1998, the State again requested a five-day extension because the deputy prosecutor was still in trial. Defense counsel opposed the request and requested dismissal of the charges because Williams had been in custody for 73 days since arraignment. Defense counsel conceded he still had reservations about being prepared, but insisted there was no need to delay for further prepa-

ration. The court orally found that the deputy prosecutor was not available, that defense counsel was not yet prepared for trial, and that a delay would not prejudice Williams. The court granted a continuance to February 4, 1998, but warned that "the State is very close to treading the limit on this." Report of Proceedings (Jan. 28, 1998) at 7. The written order made no reference to defense counsel, but provided that "[t]he deputy prosecuting attorney assigned to this case is currently involved in a murder trial in Department 6. It is not expected that that case will end before 2-6-98." Clerk's Papers at 32. The printed language on the order provided for a continuance "required in the due administration of justice," but the trial court added the handwritten words "pursuant to CrR 3.3(d)(8)." Clerk's Papers at 32.

On February 3, 1998, Williams moved to dismiss for want of speedy trial. On February 4, 1998, the State reported that there was still no deputy prosecutor available to try the case. Defense counsel stated that his lack of objection applied only to the continuances granted on January 12 and January 14, 1998. Williams requested that the charges be dismissed or that the trial commence that day as scheduled. The court denied the motion to dismiss and granted a continuance to February 9, 1998. The written court order provided: "The Deputy Prosecuting Attorney assigned to this case is currently involved in a murder trial in Department 6." Clerk's Papers at 40. It also added that the continuance was "pursuant to CrR 3.3(d)(8)." Clerk's Papers at 40.

At the pretrial hearing on February 9, 1998, the court denied Williams's renewed motion to dismiss. This was 27 days after the first continuance. A new deputy prosecutor was assigned and trial commenced on February 10.

## B. RIGHT TO A SPEEDY TRIAL UNDER CrR 3.3

" '[A] trial court's grant or denial of a motion for a CrR 3.3 continuance or extension will not be disturbed absent a

showing of a manifest abuse of discretion.' " *State v. Cannon*, 130 Wn.2d 313, 326, 922 P.2d 1293 (1996) (quoting *State v. Silva*, 72 Wn. App. 80, 83, 863 P.2d 597 (1993)). Discretion is abused only where it is exercised on untenable grounds or for untenable reasons. *State v. Warren*, 96 Wn. App. 306, 309, 979 P.2d 915, 989 P.2d 587 (1999).

A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. CrR 3.3(c)(1). The court may extend the time within which trial must be held for no more than five days (exclusive of Saturdays, Sundays, or holidays) if there are "unavoidable or unforeseen circumstances beyond the control of the court or the parties." CrR 3.3(d)(8).[2]

For an "extension" under CrR 3.3(d)(8), if the nature of the unforeseen or unavoidable circumstance continues, the court may extend the time for trial in increments not to exceed five days,[3] unless the defendant will be substantially prejudiced in his or her defense. CrR 3.3(d)(8). The court must state on the record or in writing the reasons for each extension. CrR 3.3(d)(8).

A court may also grant a "continuance" under CrR 3.3(h)(2)[4] "when required in the administration of justice." As in the case of extensions, the defendant must not be

---

[2] CrR 3.3(d)(8) provides:

When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension. If the nature of the unforeseen or unavoidable circumstance continues, the court may extend the time for trial in increments of not to exceed 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension.

[3] As a practical matter, increments are often for a full week, since Saturdays and Sundays are not counted. CrR 3.3(d)(8).

[4] CrR 3.3(h)(2) provides: "On motion of the State, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of the defense. The motion must be filed on or before the date set for trial or the last day of any

"substantially prejudiced" and "the court must state on the record or in writing the reasons." CrR 3.3(d)(8) and (h)(2).

■ Thus, the differing standards are "unavoidable or unforeseen circumstances beyond the control of the court or the parties" for an extension under CrR 3.3(d)(8), compared to "required in the administration of justice" for a continuance under CrR 3.3(h)(2). In addition, a motion for continuance under CrR 3.3(h)(2) must be filed "on or before the date set for trial or the last day of any continuance or extension," whereas an extension under CrR 3.3(d)(8) is allowed "even if the time for trial has expired." *See State v. Raper*, 47 Wn. App. 530, 534-37, 736 P.2d 680 (1987).

Extensions under CrR 3.3(d)(8) and continuances under (h)(2) impact the 60- or 90-day requirement of the speedy trial rule in different ways. CrR 3.3(d)(8) is one of several *"extensions of time limits"* that apply "notwithstanding the provisions of section (c) [such as the 60- and 90-day requirements]." CrR 3.3(d) (emphasis added). On the other hand, CrR 3.3(g)(3) provides for treating "[d]elay granted by the court pursuant to section (h)" as one of several "Excluded Periods" that "shall be excluded in computing the time for arraignment and the time for trial." CrR 3.3(g).

■ "[U]navailability of counsel may constitute unforeseen or unavoidable circumstances to warrant a trial extension under CrR 3.3(d)(8)." *State v. Carson*, 128 Wn.2d 805, 814, 912 P.2d 1016 (1996). Courts have affirmed five-day extensions under CrR 3.3(d)(8) in a variety of situations involving scheduling conflicts. *See, e.g., Cannon*, 130 Wn.2d 313 (two extensions where deputy prosecutor occupied in another trial); *State v. Watkins*, 71 Wn. App. 164, 175, 857 P.2d 300 (1993) (three extensions, once due to scheduling conflicts for standby counsel to pro se defendant, once due to illness, and once due to unavailability of deputy prosecutor); *State v. Kelley*, 64 Wn. App. 755, 828 P.2d 1106 (1992) (three extensions, resulting in a delay of 17 calendar days, where the originally assigned deputy prosecutor had

continuance or extension granted pursuant to this rule. The court must state on the record or in writing the reasons for the continuance."

Christmas vacation plans and the next most available deputy was already in trial on another case); *Raper*, 47 Wn. App. 530 (retroactive extension, where prosecutor was in another trial, after clerical error in which court and parties were unaware speedy trial deadline had passed); *State v. Stock*, 44 Wn. App. 467, 472-73, 722 P.2d 1330 (1986) (prosecutor unexpectedly unavailable after two to three day trial went much longer); *State v. Brown*, 40 Wn. App. 91, 94-95, 697 P.2d 583 (1985) (scheduling conflict for deputy prosecutor); *State v. Eaves*, 39 Wn. App. 16, 691 P.2d 245 (1984) (codefendant's counsel scheduled for another trial); *State v. Palmer*, 38 Wn. App. 160, 684 P.2d 787 (1984) (two five-day extensions, first because deputy prosecutor in another trial, second because deputy prosecutor's trial not completed and defense counsel started another trial).

▪ It is not a manifest abuse of discretion for a court to grant a continuance under CrR 3.3(h)(2) to allow defense counsel more time to prepare for trial, even over defendant's objection, to ensure effective representation and a fair trial. *State v. Campbell*, 103 Wn.2d 1, 15, 691 P.2d 929 (1984).

For each continuance here, the court made a record as to the reasons for the continuance and found that Williams would not be prejudiced by the delay.

The first two of the five continuances were granted due to the unavailability of the prosecutor and to allow defense counsel more time to prepare. The third and fourth continuances were orally based on both factors, but the written orders reflect only the unavailability of the prosecutor. The fifth continuance was granted due solely to the unavailability of the prosecutor. Under *Campbell*, granting the continuances under CrR 3.3(h)(2) to allow defense counsel to prepare for trial was not an abuse of discretion. 103 Wn.2d at 14-15. Granting continuances due to the prosecutor's unavailability was also not an abuse of discretion. *Cannon*, 130 Wn.2d at 326.

The record is unclear in the first three continuances whether they were based on CrR 3.3(d)(8) or (h)(2). The oral

discussion reflects five-day extensions under CrR 3.3(d)(8), but the written orders are on forms labeled "continuance" and have boxes checked based on the CrR 3.3(h)(2) standard that a continuance is "required in the due administration of justice." Report of Proceedings (Jan. 12, 1998) at 5-6, Report of Proceedings (Jan. 14, 1998) at 10, Report of Proceedings (Jan. 21, 1998) at 8-9, Clerk's Papers at 29-31. On the last two continuances, the same form for a continuance is used with the same boxes checked, but on both the words "pursuant to CrR 3.3(d)(8)" are added. Clerk's Papers at 32, 40.

██ ██ We hold that the proper standard under the circumstances here should be CrR 3.3(h)(2) rather than CrR 3.3(d)(8). The deputy prosecutor assigned to this case clearly knew that he would be occupied with an aggravated murder trial and would be unavailable to try this case for an extended time. The newly-appointed defense counsel was unprepared for trial at the time of the first four hearings. These circumstances do not properly fall within the category of "unavoidable or unforeseen circumstances beyond the control of the court or the parties" for purposes of CrR 3.3(d)(8). However, the continuances were still justified because they were "required in the administration of justice" under CrR 3.3(h)(2).

"[W]e do not reach the question of whether the court abused its discretion in granting the five-day extension because we find that the decision of the trial court may be sustained on another basis. '[I]f the judgment of a trial court can be sustained on any grounds, whether those stated by the trial court or not, it is our duty to do so.'" *State v. Armstead*, 40 Wn. App. 448, 449-50, 698 P.2d 1102 (1985) (quoting *State v. Ellis*, 21 Wn. App. 123, 124, 584 P.2d 428 (1978)) (second alteration in original).

Because there was no abuse of discretion in granting the continuances, even though they should have been granted under CrR 3.3(h)(2) rather than under CrR 3.3(d)(8), Williams's speedy trial rights under CrR 3.3 were not violated.

A majority of the panel having determined that only the

foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MORGAN and BRIDGEWATER, JJ., concur.