# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 73500-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| TANIS COLEMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 25, 2016 |
| | ) | |

2016 APR 25 AM 8:37

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

SPEARMAN, J. – A court ordering restitution in a criminal case "shall determine the amount of restitution due . . . within one hundred eighty days" unless the court continues the hearing for good cause or the order modifies a timely order of restitution. RCW 9.94A.753(1), (4). In this prosecution for the theft of over $100,000 from two different bank accounts, Coleman contends the court's second of two restitution orders must be vacated because it was entered 188 days after sentencing without good cause and without modifying the court's earlier order. Because we conclude the court had good cause to continue the proceedings beyond the 180-day limit, we reject Coleman's contention and affirm.

## FACTS

In September, 2014, Coleman pleaded guilty to theft and identity theft for taking funds from his elderly father's bank accounts at Wells Fargo Bank and Washington Federal Bank.

On October 24, 2014, the court sentenced Coleman to twenty months confinement and ordered restitution to be determined at a future hearing.

On April 10, 2015, 168 days after sentencing, the court held its first restitution hearing. The defense agreed that Coleman should pay $37,342.48 in restitution on the Wells Fargo account, but opposed restitution for the Washington Federal account because Coleman was named on that account. The court entered an order awarding restitution on the Wells Fargo account and reserving the issue of restitution on the Washington Federal account. Due to the unavailability of a witness, the court stated "we will set it over" for one week to "get testimony from the granddaughter." Verbatim Report of Proceedings (VRP) (04/10/15) at 8. In response to defense counsel's observation that the 180-day time period for determining restitution would soon expire, the court said:

> THE COURT: It is tolled and I can also extend it for good cause because this is a late argument, essentially. There has been no briefings submitted, nothing, other than the fact that he is on the account so therefore he can't be held liable for reimbursement by, now, the decedent – or the decedent's estate, I should say. So I wouldn't worry about the statute of limitations for two reasons. One is, we began the restitution hearing well within the statute of 180 days. Second, the Court can, and has discretion to extend it for good cause, and I can make that finding here today. So when do you think the granddaughter . . . Id. at 11

On Friday April 17, 2015, 175 days after sentencing, the court heard testimony regarding the Washington Federal Account. When the court asked if the parties were willing to present the matter without further argument, the following colloquy ensued:

> [DEFENSE COUNSEL]: I would like to make argument . . . .
>
> THE COURT: Well, it's going to have to be next week, because she has got things going on –
>
> [DEFENSE COUNSEL]: Right. I just know we are running up against the clock and jurisdiction expires on the 22nd.
>
> THE COURT: No, it's been tolled. We have started –

[DEFENSE COUNSEL]: I understand. The Defense would just note its objection then if we are going to have it set over.

THE COURT: Well, if you are claiming that it runs on the [22nd], I will just get you here Monday morning [April 20th] at 8:30.

[DEFENSE COUNSEL]: OK.

. . .

[PROSECUTOR]: Your Honor, I am leaving town on Saturday [April 18th]. I am back on the 24th. We can do it on the 24th. Does that work, Your Honor?

THE COURT: Yep.

[DEFENSE COUNSEL]: I am out the 24th.

[PROSECUTOR]: I am over here on the 27th.

[DEFENSE COUNSEL]: I am out the 24th through 27th.

THE COURT: Well, that's judicial conference, so that's not going to work.

. . .

THE COURT: So -- while I have got you here, you are going to submit your matter. Let me hear your argument.

Id. at 19. The parties proceeded to present arguments, after which the court stated: "I am going to issue a written ruling. I will have both sides submit [f]indings. You can do it when you get back. That will conclude this hearing." (Emphasis added). Id. at 25.

On May 1, 2015, more than 180 days after sentencing, the court entered an "Additional Order Setting Restitution" requiring Coleman to pay $69,262.52 in restitution on the Washington Federal account. He appeals.

## DECISION

The sole issue on appeal is whether the trial court exceeded its authority when it entered its second restitution order more than 180 days after sentencing. Under RCW

-3-

9.94A.753(1), a court "shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days[.]" A court may, however, "continue the hearing beyond the one hundred eighty days for good cause." It may also modify a timely restitution order after expiration of the 180-day period so long as the offender remains under the court's jurisdiction. See, RCW 9.94A.753(4). Coleman asserts that the "good cause" and modification exceptions do not apply in this case and that the court's second order of restitution must be vacated. We conclude the "good cause" exception applies.

For purposes of the restitution statutes, "good cause" requires an external impediment, rather than a self-created hardship, that prevents a party from complying with the statutory time limit. State v. Johnson, 96 Wn. App 813, 817, 981 P.2d 25 (1999). A party's lack of preparation or oversight does not establish good cause. Id. For instance, there is no good cause when the State does not diligently compile documentation or seek a hearing within the 180-day period. State v. Tetreault, 99 Wn. App 435, 437-38, 998 P.2d 330 (2000). On the other hand, courts have held in analogous settings that a prosecutor's scheduling conflicts, including a scheduled vacation or a court's need to attend a judicial conference may constitute good cause to extend proceedings beyond time limits. Cf., State v. Flinn, 154 Wn.2d 193, 200, 110 P.3d 748 (2005) (scheduling conflicts may justify a continuance beyond speedy trial expiration date); State v. Flinn, 119 Wn.App. 232, 246-47, 80 P.3d 171 (2003) (annual judicial conferences may justify trial extension under speedy trial rules); State v. Williams, 104 Wn. App. 516, 522, 17 P.3d 648 (2001) (prosecutor's scheduling conflicts may constitute unforeseen or unavoidable circumstances warranting trial extension

-4-

under speedy trial rules). We review a court's decision to extend sentencing beyond a statutory time limit for abuse of discretion. State v. Roberts, 77 Wn. App. 678, 685, 894 P.2d 1340 (1995)("trial court has broad discretion to determine whether there is good cause to postpone sentencing" beyond 40-day time limit).

Here, Coleman contends the "good cause" found by the court at the initial restitution hearing on April 10, 2015 was insufficient. He maintains, and we concur, that mere commencement of the restitution hearing did not toll or extend the 180-day period.[1] He also contends that the court's continuance of the April 10 hearing to a date within the 180-day period did not alter the expiration date for the 180-day period or justify the court's April 17 continuance for entry of findings beyond the 180-day period. The State responds that the court's April 10 continuance and finding of good cause, which were based in part on witness unavailability and the defense's "late argument," "tolled" the 180-day period for the length of the continuance. VRP (04/10/15) at 11

Neither party provides authority or statutory analysis addressing whether the 180-day period can be "tolled" by a continuance ordered and completed within the 180-day period. And even assuming the continuance from April 10 to April 17 somehow tolled the 180-day period for one week, the 180-day expiration date would have reset to April 29–still several days shy of the court's May 1 order determining restitution. In any event, we need not resolve these issues because we conclude the court had good cause at the April 17 hearing to continue the proceeding beyond the 180-day limit.

---

[1] We note that contrary to the trial court's impression, nothing in RCW 9.94A.753(1) indicates that starting a restitution hearing within the 180-day period tolls or satisfies the 180-day requirement. The statute plainly requires courts to "determine" the amount of restitution within 180 days, not merely commence a hearing within that time.

As the State points out, it is clear from the transcript of the April 17 hearing that the court extended the proceedings beyond the 180-day time limit due to the unavailability of counsel and the court. The prosecutor was leaving town the following day and returning after expiration of the 180-day period. Defense counsel was leaving for four days on the day the prosecutor returned, and the court had a conflict with a judicial conference. In order to accommodate these obligations, the court ruled that counsel could file proposed findings when they returned after expiration of the 180-day period. Nothing in the record indicates that this continuance was due to a party's lack of preparation, diligence, or other self-created hardship. Given the obligations of the parties and the court, and considering that the hearing was essentially finished except for the parties proposed findings and the court's written ruling, there was good cause to continue the matter beyond the 180-day time limit. The court did not abuse its discretion or exceed its authority.

Citing Tetreault, Coleman contends the court "failed to exercise its discretion in extending the 180-day deadline because it failed to consider any of the factors discussed in Tetreault . . ." Appellant's Reply Br. at 2. But nothing in Tetreault or any authority cited by Coleman requires a court to consider, on the record, the continuance factors mentioned in Tetreault before delaying a determination of restitution beyond the 180-day limit.

Coleman also states in conclusory fashion that "the court did not mention the words 'good cause'" when, after learning of counsel's unavailability, it told them they could file their findings when they returned. App. Reply Br. at 2. But he provides no authority or analysis requiring a court to make an express finding of good cause. We do

not consider conclusory arguments unsupported by relevant authority. <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority or analysis need not be considered); <u>State v. Elliott</u>, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (appellate court need not consider claims that are insufficiently argued); <u>State v. Rafay</u>, 168 Wn.App. 734, 843, 285 P.3d 83 (2012) (rejecting claim due to absence of meaningful argument or authority to support conclusory claim).

Given our conclusion that the court had good cause to exceed the 180-day time limit, we need not decide whether the challenged restitution order also fell within the modification exception to that limit.

Affirmed.

Spearman, J.

WE CONCUR: