IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,         )
                                  )      No.  38569-8-III
              Respondent,     )      (consolidated with
                                  )      No.  38607-4-III)
     v.                           )
                                  )
MATTHEW TYRELL THOMAS,     )      UNPUBLISHED OPINION
                                  )
              Appellant.       )
                                  )
STATE OF WASHINGTON,         )
                                  )
              Respondent,     )
                                  )
     v.                           )
                                  )
JAKE TRACE THYNE,           )
                                  )
              Appellant.       )

SIDDOWAY, C.J. — The appellants in these consolidated cases had awaited trial for over a year when, on August 24, 2021, the court granted the State's identical motions for a continuance. The State requested continuances on grounds that a building on the county fairgrounds used as a courtroom during the Coronavirus disease (COVID-19) pandemic would be unavailable while the county fair was in session and in the two weeks before and after. The court continued both trials to November without stating a reason for the continuance.

Mr. Thomas and Mr. Thyne timely objected and moved the court to set trial within the several weeks that remained for a timely trial. The motion was denied. The men thereafter moved for dismissal of the charges against them, which was also denied. Our commissioner granted discretionary review of the orders denying dismissal.

In addition to stating no reasons for the continuances, the trial court failed to require and provide a detailed explanation of why trial was not possible elsewhere or through other means, the steps taken to get around the fairground's unavailability, or a reasonable time frame within which the cases could be brought to trial. The violations of CrR 3.3(f)(2) and common law requirements require that we reverse and remand both cases with directions to dismiss the charges with prejudice.

PROCEDURAL BACKGROUND

*State v. Matthew Tyrell Thomas*

On April 16, 2020, the State charged Matthew Thomas with one count of communication with a minor for immoral purposes and one count of violation of a no-contact or protection order, charging both as domestic violence. Within a week, the State amended the charges, adding four counts of possession of depictions of a minor engaged in sexually explicit conduct in the first degree and five counts of possession of depictions of a minor engaged in sexually explicit conduct in the second degree. Mr. Thomas awaited trial in custody.

2

The COVID-19 pandemic had begun disrupting public life in Washington State a month before Mr. Thomas was charged, and beginning on June 18, 2020, the Washington Supreme Court issued the first of five emergency orders to address a framework for safely resuming jury trials. *See* Ord. re: Modification of Jury Trial Proc., No. 25700-B-631, *In re Statewide Response by Washington State Courts to the COVID-19 Public Health Emergency* (Wash. June 18, 2020) (First Emergency Order) https://www.courts .wa.gov/content/publicUpload/Supreme%20Court%20Orders/Jury%20Resumption %20Order%2006 1820.pdf [https://perma.cc/S5YJ-BWPR]. In the fifth and last order issued on February 19, 2021, the court formally lifted what had been a temporary suspension of criminal trials for a short time in 2020. Fifth Revised & Extended Ord. Regarding Ct. Operations, No. 25700-B-658, at 6, *In re Statewide Response by Washington State Courts to the COVID-19 Public Health Emergency* (Wash. Feb. 19, 2021) (Fifth Emergency Order), https://www.courts.wa.gov/content/publicUpload /Supreme%20Court%20Orders/25700-B-658.pdf [https://perma.cc/F2PD-LEXX]. It instructed courts to continue to hear all out-of-custody and in-custody criminal matters "by telephone, video or other means that do not require in person attendance when appropriate." *Id.* at 7. Addressing CrR 3.3, the time-for-trial rule, the order provided that "the time between the Supreme Court's May 29, 2020 Order and the next scheduled court hearing after October 15, 2020 shall be EXCLUDED when calculating time for trial." *Id.* at 8. It provided that after October 15, 2020, courts could exclude further time under the

rules "based on individual findings of 'unavoidable circumstances' due to COVID-19 or other circumstance." *Id.* at 8. The order provided a link to guidelines for operations during the pandemic that had been developed by a court task force and published eight months earlier, in June 2020. *Id.* at 15 (linking Wash. Cts., *Resuming Jury Trials in Washington State: Guidelines for Operations During the COVID-19 Pandemic* (June 2020) (Pandemic Guidelines), https://www.courts.wa.gov/content/publicUpload /COVID19%20Response/Resuming%20Jury%20Trials%20in%20Washington%20State .PDF [https://perma.cc/JEE4-HAXA]).

Mr. Thomas waived his rights to speedy trial on nine occasions, but ceased waiving his speedy trial rights in summer 2021. His final waiver was entered on July 27, 2021, and his trial was reset for September 7 and 8, 2021. The last allowable date for trial was calculated as September 25, 2021.

On August 24, 2021, the State moved under CrR 3.3(f)(2) to continue Mr. Thomas's trial. A prosecutor's declaration attached to the motion explained:

> [D]ue to the ongoing COVID-19 crisis, there is only one venue available to allow for sufficient, CDC-recommended precautions, such as social distancing, during jury trials. That venue is the Walla Walla County Fairgrounds. The Walla Walla County Fair is being held, using all buildings on the Fairgrounds campus, from 1st September to 5th September. The venue will be unavailable at least until the 17th of September, and it is unclear to the State how long it will take County Facilities to set the courtroom back up, including re-installing and testing all electronics, recording system, etc. There are also a number of other cases, with in-custody defendants, currently on a trial footing. Therefore,

4

> it is physically impossible to hold this trial on the date set by the court, or likely for the next several months.
>
> In addition, there are a number of pending motions from the defense, including a motion to dismiss as a result of a pending civil lawsuit, in which the defendant is a Plaintiff, against the county. All of these motions will need to be researched and answered in due time.

Thomas Clerk's Papers (CP) at 334.

At a hearing on the continuance motion, the prosecutor provided an abbreviated explanation of these reasons for the motion. Mr. Thomas neither stipulated nor objected to the continuance. The court spoke only to announce the case, hand defense counsel the following order, and thank the parties:

> THIS MATTER having come before the court upon plaintiff's motion for an order continuing trial in the above-entitled matter, and speedy trial time is up _____, and the court being fully advised,
>
> IT IS HEREBY ORDERED that the trial in the above-entitled matter which is set for September 7, 2021, is hereby continued to *November 1-2, 2021 @ 9:30am; Pretrial October 19, 2021 @ 1pm*
>
> DATED this *24* day of *Aug*, 2021.

Thomas CP at 336.

A week later, on August 31, Mr. Thomas filed a written objection to the November trial date and moved the court to reset the trial within his time of trial deadline of September 25, 2021. His motion questioned the record supporting the nearly two-month continuance, pointing out that the State's motion represented the fairgrounds would only be unavailable until September 17 and no evidence was presented of the other cases having a "trial footing" ahead of his. Thomas CP at 113.

The court issued the following letter ruling on September 2, 2021 (the reference to

"Mr. Holce" is to Nicholas Holce, defense counsel):

> I have reviewed Mr. Holce's Motion to Recalculate Trial Time along with the court file. At this time, the Court is going to deny Mr. Holce's Motion to Recalculate Trial Time based on the Court's trial calendar.

Thomas CP at 116. A hearing on the motion remained noted for September 13, 2021 and

both counsel were present in court, though the State moved to strike the hearing in light

of the letter ruling. Defense counsel reasserted his objection to the trial setting and the

pro tem judge agreed that he had made a continuing record of the objection.

On October 5, 2021, Mr. Thomas moved to dismiss his case with prejudice,

relying on CrR 3.3(h). He argued that the court could and should have set a new trial

date within his 60-day time-for-trial deadline. In addition to legal argument, Mr. Thomas

offered his lawyer's e-mail communication with Walla Walla County Clerk Kathy

Martin, who had informed him on September 2, 2021, that, "We can get back in [the

fairgrounds] on the 13th but they have a quilt show right now set for the 17-19 but that

might go off." Thomas CP at 144. He also represented that the only conflicting criminal

trial was a September 23 trial for an out-of-custody defendant with a more recent criminal

matter.[1] He argued that the court had made an insufficient record to justify failing to

meet his time-for-trial deadline of September 25.

---

[1] At the motion hearing a few weeks later, Mr. Thomas provided an update that this other case was resolved and removed from the calendar before trial, thereby freeing up the courtroom in September.

The State defended the reasons it had offered for the continuance. It continued to represent (although without offering any calendar or specifics), that "other jury trials, involving in-custody defendants, [were] scheduled for the last two weeks of September." Thomas CP at 341.

Mr. Thomas's motion to dismiss was heard on October 21, 2021. It was the State's position, with which Mr. Thomas had previously disagreed and continued to disagree, that he was required to show prejudice in order to be entitled to dismissal under CrR 3.3(h). The prosecutor conceded during argument that "there . . . need to be some very specific findings and conclusions made so that we have a very clear record if the matter goes up on appeal" and stated, "I [have] taken the liberty of preparing some findings and conclusions . . . so we can be certain that the record is clear as to the Court's reasoning for rescheduling it to November." Thomas Rep. of Proc. (RP) at 30. Mr. Thomas objected to the proposed order, characterizing it as an attempt to "bolster the record . . . after the fact." Thomas RP at 33.

The trial judge then shared his own understanding of the situation in late August and September:

> [W]e, the Court, had been informed by Mr. Mybeck (phonetic), who's from the fairgrounds, when we met with him, that the fairgrounds was not available two weeks before the fair and at least two weeks after the fair. And it's something that changed from that. We were not contacted, and our equipment had been set up approximately the third week after the fair so we could go back to having trials down there. So there was a number of issues

> with having a courtroom set up, if you will, because of the fair, and because of that, that's when the date was set the way it is.

Thomas RP at 33-34. He acknowledged this was not part of the earlier record, stating, "I'm making it now so that you have it." *Id.* at 34. Over Mr. Thomas's objection, the court signed the State's proposed findings and conclusions and denied the motion to dismiss.

### *State v. Jake Trace Thyne*

On July 21, 2020, the State charged Mr. Thyne with one count of rape in the second degree. Unlike Mr. Thomas, Mr. Thyne awaited trial out of custody. Mr. Thyne executed five waivers of his speedy trial rights; like Mr. Thomas, Mr. Thyne ceased waiving his rights under CrR 3.3 in summer 2021. His final waiver was entered on June 29, 2021. His final waiver set the trial for September 7 and 8, 2021, and calculated the last allowable date for trial as September 27, 2021.

On August 24, 2021, the State moved to continue the trial in Mr. Thyne's case, employing a motion and declaration identical to that relied on in Mr. Thomas's case. The hearing lasted only the few seconds needed for the prosecutor to confirm that the basis for moving to continue was "lack of a courtroom." Thyne 1 RP[2] at 3. The continuance

---

[2] The record in Mr. Thyne's appeal includes two nonconsecutively paginated reports of proceeding. We refer to the volume containing the earliest hearings as "1 RP" and the volume containing later hearings as "2 RP."

was granted using the same spare order form that had been used in continuing Mr. Thomas's trial. Mr. Thyne's trial was reset for November 9 and 10, 2021.

On September 3, 2021, Mr. Thyne objected to the November trial date and moved the court to recalculate his time for trial. Mr. Thyne was also represented by Mr. Holce. His motion is nearly identical to the one filed in Mr. Thomas's case, except that Mr. Thyne's emphasized the lack of evidence supporting the State's representation of courtroom unavailability.

Mr. Thyne's motion proceeded to hearing on September 13, 2021, before the same pro tem judge who had allowed Mr. Holce to register his objection to the continuance in Mr. Thomas's case. The prosecutor asked that the motion be continued for two weeks, so that it could be heard by the judge whose calendar was affected. Mr. Holce responded with his objection and suggested it would be prudent for the affected judge to review *State v. Kenyon*, 167 Wn.2d 130, 216 P.3d 1024 (2009), because he believed the record being made of courtroom unavailability fell short of what was required.

Before the continued hearing on September 27, 2021, the State filed a response to Mr. Thyne's motion, in which it argued that dismissal was not an available remedy since Mr. Thyne had not demonstrated how he would be prejudiced by the delay. At the hearing, defense counsel stated that he felt he had pointed out the review required, and, "Now the ball is in the Court's court to make sure that it's complying with [CrR] 3.3 and

*State v. Kenyon.*" Thyne 2 RP at 3. The court responded, "I believe they are. The date

set is correct." *Id.*

On October 6, 2021, Mr. Thyne moved for dismissal of the case, relying on

CrR 3.3(h). The motion and its attachments paralleled the motion to dismiss made in Mr.

Thomas's case, the only difference being that because Mr. Thyne awaited trial out of

custody, his time-for-trial calculation was on a 90-day timeline. In a reply filed to the

State's response, Mr. Thyne pointed out apparent contradictions in the State's position

over time as to when court could have been conducted at the fairground. He argued it

had been incumbent on the court to ferret out the truth of when the building had become

available.

Mr. Thyne's dismissal motion was heard on October 27, 2021. The judge again

made a record of its understanding of courtroom availability in September:

> Just from a records standpoint, the Court was of the understanding that,
> at least two weeks before the fair and two weeks after in terms of putting
> things back together would be required, and that is our only courtroom.
> And all the equipment is stored. It needs to be taken down. It needs to be
> set up. And we did have other trials scheduled. My impression was the last
> two weeks in September, and so when the matter was reset, we did it when
> we could get it done. And that's what we did.

Thyne 2 RP at 27-28. The court denied the motion and signed the State's proposed

findings and conclusions over Mr. Thyne's objections. Essentially the same written order

was entered by the court in the Thomas and Thyne cases, with variations for case-specific

dates, waivers, and the 60- or 90-day timeline.

10

Mr. Thomas and Mr. Thyne sought discretionary review of the orders denying

dismissal. Our commissioner granted both motions under RAP 2.3(b)(1), having

concluded that the superior court committed obvious error that would render further

proceedings useless. Am. Comm'r Ruling, *State v. Thomas*, No. 38569-8-III (Wash Ct.

App. Feb. 17, 2022) (on file with court); Comm'r Ruling, *State v. Thyne*, No. 38607-4-III

(Wash. Ct. App. Feb. 18, 2022) (on file with court). The commissioner pointed out in

granting discretionary review that the State's argument that the defense failed to

demonstrate prejudice was irrelevant to a rule-based time-for-trial claim and was no basis

for denying review. *Id.* at 7.

We consolidated the appeals on our own motion.

ANALYSIS

Mr. Thomas and Mr. Thyne raised rule-based challenges to denial of their

CrR 3.3(h) motions to dismiss. They contend that the 55- and 63-day continuances

granted in their cases in August 2021 violated CrR 3.3(f)(2) because the trial court failed

to state a reason for the continuances or make a record of courtroom unavailability and of

its efforts to find an alternative venue or means to conduct trial.[3] They argue that their

motions to dismiss should have been granted based on these violations.

---

[3] For the first time on appeal, the State argues the continuances are defensible
under CrR 3.3(e)(8) because the pandemic's demands for distancing and resulting
bottlenecked dockets constituted "unforeseen circumstances outside the control of
the court." Thomas Resp't's Br. at 18; Thyne Resp't's Br. at 10. This basis was not

11

Nos. 38569-8-III and 38607-4-III (consolidated)
*State v. Thomas*

I.    OVERVIEW OF TIME-FOR-TRIAL RULE

A rule-based time-for-trial claim is recognized in Washington as distinct from a

constitutional speedy-trial claim. *State v. Denton*, 23 Wn. App. 2d 437, 449, 516 P.3d

422 (2022) (citing *State v. Rohatsch*, 23 Wn. App. 734, 736, 599 P.2d 13 (1979); *State v.*

*Silva*, 72 Wn. App. 80, 83, 863 P.2d 597 (1993)). The two are related, as the underlying

purpose of CrR 3.3 is to protect a defendant's constitutional right to a speedy trial, but the

claims are governed by different analyses. *See Kenyon*, 167 Wn.2d at 136 (citing *State v.*

*Mack*, 89 Wn.2d 788, 791-92, 576 P.2d 44 (1978); *State v. Cummings*, 87 Wn.2d 612,

615, 555 P.2d 835 (1976)).

The time-for-trial rule requires that a defendant be brought to trial within a

certain time period, depending on whether one awaits trial in custody or out of custody.

CrR 3.3(b)(1), (2). Defendants awaiting trial in custody must be brought to trial within

60 days of the "commencement date" specified in the rule. CrR 3.3(b)(1)(i). Defendants

awaiting trial must be brought to trial within 90 days. CrR 3.3(b)(2)(i). Mr. Thomas was

detained in jail, so the 60-day limit applies to him. Mr. Thyne was not detained, so the

90-day limit applies to his case.

The initial "commencement date" is the date of arraignment. CrR 3.3(c)(1). The

"commencement date" can be reset by the occurrence of many events, including the

_____

asserted in the trial court and we will not consider it. *See* RAP 2.5(a). We also note, as
earlier mentioned, that the Fifth Emergency Order provided that excluding time after
October 15, 2020, on unavoidable circumstances grounds required individual findings.

12

execution of a written waiver of the defendant's rights under the rule.  CrR 3.3(c)(2)(i).

Once a waiver is executed, "[t]he new commencement date shall be the date specified in

the waiver, which shall not be earlier than the date on which the waiver was filed."

CrR 3.3(c)(2)(i).  Both appellants executed a number of waivers.

The time-for-trial rule allows certain periods of time to be excluded when

computing the last allowable date for trial.  CrR 3.3(e).  A continuance granted under

CrR 3.3(f)(2) is an excluded period.  CrR 3.3(e)(3).  CrR 3.3(f)(2) authorizes the court to

grant a continuance on the motion of the court or a party when a continuance "is required

in the administration of justice and the defendant will not be prejudiced in the

presentation of his or her defense."  "The court must state on the record or in writing the

reasons for the continuance."  CrR 3.3(f)(2).

Case law has clearly established that when courtroom unavailability or its

equivalent is the basis for continuing trial, the record must contain a detailed record of the

problem and the efforts made to alleviate it.  *See, e.g.*, *Mack*, 89 Wn.2d at 794 (delay

caused by existing jury selection procedure was not good cause for a continuance where

the court had not attempted to modify the procedure or adopt a more efficient one); *State

v. Kokot*, 42 Wn. App. 733, 736, 713 P.2d 1121 (1986) (without a record of how many

courtrooms were actually in use, the availability of visiting judges, etc. a continuance

based on "no courtrooms . . . available" was an abuse of discretion); *State v. Flinn*, 154

Wn.2d 193, 200-01, 110 P.3d 748 (2005) (same; citing *Kokot*, 42 Wn. App. at 736-37;

13

*also*, judicial unavailability due to a conference would be similar to court congestion and implicate the requirement to make a sufficient record); *State v. Warren*, 96 Wn. App. 306, 310, 979 P.2d 915 (1999) (abuse of discretion to grant continuance without making a "detailed explanation on the record of why each superior court department was unavailable"); *Kenyon*, 167 Wn.2d at 134, 139 (judge unavailability due to vacation, courtroom unavailability, and court congestion are synonymous; trial court must make attempts to alleviate the congestion and such efforts should be documented in the record); *cf. Silva*, 72 Wn. App at 84-85 (no abuse of discretion where court made a record of "why each trial department was unavailable" and offered a judge pro tempore).

"A charge not brought to trial within the time limit determined under [CrR 3.3] shall be dismissed with prejudice." CrR 3.3(h). "The rule-based time-for-trial right differs from the constitutional speedy-trial right in that the rule terminates litigation automatically upon a violation without regard to prejudice—unlike analysis under the federal and state constitutions, which is based primarily on the presence of prejudice." *Denton*, 23 Wn. App. 2d at 449 (citing *Rohatsch*, 23 Wn. App. at 736 (citing, in turn, *State ex rel. Moore v. Houser*, 91 Wn.2d 269, 588 P.2d 219 (1978))).

Trial courts are charged with ensuring compliance with the time-for-trial rule in every criminal case. CrR 3.3(a)(1). We review an alleged *violation* of the time-for-trial review de novo. *Kenyon*, 167 Wn.2d at 135. The decision to grant or deny a continuance

14

is reviewed for an abuse of discretion. *Id.* Misapplying the law constitutes an abuse of discretion. *Denton*, 23 Wn. App. 2d at 450.

II.     VIOLATIONS OF CrR 3.3(f)(2) REQUIRED DISMISSAL OF THE CHARGES AGAINST THOMAS AND THYNE

Mr. Thomas and Mr. Thyne make three identical assignments of error on appeal, but one proves dispositive. They contend the trial court erred in denying their motions to dismiss where it had violated their rights under CrR 3.3 by granting the State's motion to continue their time for trial beyond the rule's deadline.[4]

In granting the State's requested continuances, the court did not state the reason for the continuances, contrary to CrR 3.3(f)(2)'s command that "[t]he court must state on the record or in writing the reasons for the continuance." Even if we viewed the court as implicitly accepting and adopting the reasons offered by the State's motion, there was no compliance with the well-settled common law requirement that in granting a continuance, the court make a detailed record of the courtroom availability issue and the efforts made to solve it.

---

[4] Although we do not resolve the appeal on the basis of the appellants' separate challenges to the trial court's findings and conclusions entered on October 21 and 27, 2021, we implicitly agree that the findings and conclusions come too late to be relevant. The trial court was entitled to enter findings and conclusions it viewed as supporting its rulings on the motions to dismiss. But unless they demonstrate that the court *had* stated a reason for granting continuances in August 2021 and *had* made a detailed record at that time of the courtroom availability issue and the efforts made to solve it—and they do not—they are irrelevant to the basis for our decision.

15

The State questions whether continuing trial on the basis of the unavailability of the fairground facility can be equated with Washington cases addressing court congestion and courtroom availability. We have no doubt whatsoever that the situations are synonymous. And the Supreme Court's emergency orders and task force guidelines identified options to be explored. The Supreme Court had encouraged "[t]he use of remote technology in jury selection, including use of video for voir dire in criminal and civil trials." First Emergency Order at 3. Task force guidance on how to assemble jury panels while physical distancing recommendations remained in place contemplated "some combination of three general categories"—not just off-site assembly and voir dire, such as at a fairground, but also "(2) jury assembly/voir dire virtually or remotely; and (3) modifying existing court facilities and practices to allow jury assembly/voir dire to take place at the courthouse." Pandemic Guidelines at 19. It was suggested that consideration be given to doing "rounds of voir dire in groups of small enough size to allow distancing in courtroom" and determining "how many people fit with appropriate distancing in one round." *Id.* at 25.

It was never explained in either appellant's record why a county fair taking place from September 1 - 6, which was projected to tie up the building being used by the court until only September 13 or 17, required continuing the trials of Mr. Thomas and Mr. Thyne to November. After both defendants made timely objections and requested recalculation of their time to trial, it was never asserted that so many criminal defendants

16

had timely objected to reset trial dates that it would be impossible to get Mr. Thomas and

Mr. Thyne to trial by their time-for-trial deadline or within the cure period. There is no

evidence in the record that supports the trial court's challenged findings of fact that the

"next available date(s)" for Mr. Thomas's and Mr. Thyne's trials, given "other matters

possibly being ready for trial" were the November dates set by the August 2021 orders.

Thomas CP at 166; Thyne CP at 35.

The reason for the seeming lack of concern about the obligation to explore

alternatives and make a detailed record—and, when a timely objection was made, failing

to bring the cases to trial by the deadline or within the cure period—appears to have been

the State's continuing position that dismissal under CrR 3.3(h) requires a defendant to

show prejudice. Findings of fact entered in denying the Thomas and Thyne motions to

dismiss included findings that "[t]he defendant has not shown any prejudice from the

continuance," and "has not demonstrated any impact on his ability to fully and fairly

present his case." Thomas CP at 166; Thyne CP at 35. Conclusions of law included a

finding that "[t]he defendant has not shown prejudice as a result of the court continuing

the Matter to the next available court date, pursuant to CrR 3.3." Thomas CP at 166;

Thyne CP at 35. As previously observed, unlike analysis of speedy-trial violations under

17

the federal and state constitutions,[5] CrR 3.3(h) terminates litigation automatically upon a violation, without regard to prejudice. *Denton*, 23 Wn. App. 2d at 449.

Given the violations of CrR 3.3(f)(2), the remedy required by CrR 3.3(h) is clear. We reverse denial of the motions to dismiss and remand both cases with directions to dismiss the charges with prejudice.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

---

[5] The State's response brief on appeal argues as if the appellants were making a constitutional speedy-trial claim or had sought a remedy under CrR 8.3(b). This is despite both appellants pointing out in their opening briefs that they objected and moved for dismissal "solely under CrR 3.3." Thomas Br. of Appellant (corrected) at 58; Thyne Br. of Appellant at 56.