# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50759-5-II |
| Respondent, | |
| v. | |
| JOHN ARTHUR AMBLE, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — John Arthur Amble appeals his conviction for third degree assault of a child. He contends that the trial court (1) abused its discretion when it granted the State's request for a continuance, and (2) violated CrR 3.3—the time for trial rule—when it set his case for trial beyond the maximum allowable date for trial. We hold that the trial court did not abuse its discretion by granting a continuance for good cause; thus, it did not violate the time for trial rule under CrR 3.3. We Affirm.

## FACTS

The State charged Amble with third degree assault of a child on March 17, 2017. He was released on his personal recognizance pending trial. He was arraigned on April 14, at which time his trial was set for June 26 which was within 90 days of his arraignment. A status conference was set for May 25. On April 28, the State offered Amble a plea agreement that was set to expire on June 1. At the omnibus hearing on June 8, the parties confirmed that they were prepared for a CrR 3.5 hearing on June 20. At a CrR 3.5 hearing on June 20, Amble informed the court that "we've

reached a resolution with this case. . . . We need to set it for a change of plea and sentencing."

Verbatim Report of Proceedings (VRP) (June 20, 2017) at 19. Both parties agreed that the initial

trial date of June 26 should be converted to a plea and sentencing hearing. The court agreed and

subsequently struck the trial date and set the plea and sentencing hearing.

Following the CrR 3.5 hearing at the end of business on June 22, Amble sent the State a

change of plea form with changes to the terms, "specifically regarding legal financial obligations

and whether [Amble] will participate in anger management treatment." VRP (June 26, 2017) at

22-23. Because Amble altered the terms of the plea agreement, the State was unable to agree. As

a result, the prosecutor requested a trial continuance for good cause due to scheduling conflicts

because he had two trials set to begin on July 10 and he would need to ensure his witnesses were

available again for this trial.

Amble objected to the continuance, arguing that good cause did not exist. The court

granted the continuance after finding that good cause existed because (1) the parties were no longer

in agreement as to the terms of the plea agreement, (2) the prosecutor had two other trials scheduled

for July 10 which made him unavailable for trial before July 13, and (3) the new date for trial was

set only 11 days after the initial trial date and thus, Amble was not prejudiced.

Amble stipulated to a bench trial and on July 24, the trial court found Amble guilty of third

degree assault of a child. Amble appeals.

ANALYSIS

Amble argues that the trial court abused its discretion by granting a continuance beyond

the maximum allowable time for trial and thus, his time for trial was violated under CrR 3.3.

Because the new trial date of July 24 was within the maximum allowable time for trial under

CrR 3.3, the trial court had good cause to continue the trial in the administration of justice, and Amble was not prejudiced by the continuance. Thus, we hold that the time for trial rule was not violated and the trial court did not abuse its discretion.

## I. STANDARDS OF REVIEW

We review an alleged violation of the time for trial rule de novo. *State v. Kenyon*, 167 Wn.2d 130, 135, 216 P.3d 1024 (2009). However, we review the trial court's decision to grant a continuance under CrR 3.3(f)(2) for an abuse of discretion. *Kenyon*, 167 Wn.2d at 135. Additionally, once a continuance is properly granted, the trial court has discretion in selecting the new trial date. *State v. Flinn*, 154 Wn.2d 193, 200–01, 110 P.3d 748 (2005). A court abuses its discretion if its decision is manifestly unreasonable, based on untenable grounds, or based on untenable reasons. *Kenyon*, 167 Wn.2d at 135.

CrR 3.3 governs a defendant's right to be brought to trial in a timely manner. The purpose of this rule is to protect a defendant's constitutional right to a timely trial. *Kenyon*, 167 Wn.2d at 136. The right to a timely trial "must sometimes yield to considerations of judicial economy." *State v. Nguyen*, 131 Wn. App. 815, 820, 129 P.3d 821 (2006). A charge not brought to trial within the time limits of CrR 3.3 generally must be dismissed with prejudice. CrR 3.3(h).

CrR 3.3(b)(2) provides that "[a] defendant who is not detained in jail shall be brought to trial within the longer of . . . 90 days after the commencement date (the arraignment date) specified in this rule, or . . . the time specified in subsection (b)(5)." CrR 3.3(b)(2)(i), (ii). CrR 3.3(e) provides that certain time periods are excluded in computing the time for trial, including continuances granted under CrR 3.3(f) and "[u]navoidable or unforeseen circumstances affecting the time for trial beyond the control of the court or of the parties." CrR 3.3(e)(3); CrR 3.3(e)(8).

Under CrR 3.3(f), the trial court may continue the trial date on motion of the court or a party "when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(2). In granting a motion for a continuance, "[t]he court must state on the record or in writing the reasons for the continuance." CrR 3.3(f)(2). Under CrR 3.3(f), "[s]cheduling conflicts may be considered in granting continuances." *State v. Flinn*, 154 Wn.2d at 200. "When a prosecutor is unavailable due to involvement in another trial, a trial court generally has discretion to grant the State a continuance unless there is substantial prejudice to the defendant in the presentation of his defense." *State v. Chichester*, 141 Wn. App. 446, 454, 170 P.3d 583 (2007).

## II. ABUSE OF DISCRETION

Amble argues that the trial court abused its discretion by granting a continuance from July 13 to July 24 when good cause did not exist and the new trial date was beyond the maximum allowable time for trial. We disagree.

A trial court may grant the State's motion for a continuance when "'required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense.'" *State v. Saunders*, 153 Wn. App. 209, 217, 220 P.3d 1238 (2009) (quoting CrR 3.3(f)(1), (2)). The decision to grant a continuance under CrR 3.3 rests within the sound discretion of the trial court and will not be disturbed unless the trial court grants the continuance for untenable reasons. *State v. Ollivier*, 178 Wn.2d 813, 822-23, 312 P.3d 1 (2013).

Here, Amble's trial was scheduled for June 26, 2017, and the initial time for trial deadline was July 13. Based on defense counsel's representation that the parties had reached a plea agreement, the trial court struck the initial trial date of June 26 and at converted that hearing to a

plea and sentencing hearing at the parties' request. At the June 26 hearing, the parties advised the court that they could not reach an agreement because Amble altered the terms of the plea agreement after initially agreeing to them.

The State then moved for a trial continuance under CrR 3.3(f) arguing that there was good cause for a continuance. Specifically, the State requested a continuance for good cause because (1) the parties were no longer in agreement as to the terms of the plea agreement, (2) the prosecutor had two cases set for trial on July 10, and (3) he needed to ensure his witnesses were available again. The trial court ruled that there was good cause, granted the motion, and set a new trial date for July 24, the earliest date the prosecutor was available for trial.[1]

Under CrR 3.3(f), "[s]cheduling conflicts may be considered in granting continuances." *State v. Flinn*, 154 Wn.2d at 200. "When a prosecutor is unavailable due to involvement in another trial, a trial court generally has discretion to grant the State a continuance unless there is substantial prejudice to the defendant in the presentation of his defense." *Chichester*, 141 Wn. App. at 454.

Here, there was good cause for a trial continuance based on the administration of justice. The parties were no longer in agreement as to the terms of the plea agreement. Further, due to Amble's altered terms to the plea agreement, the prosecutor had scheduling conflicts because he had two other trials scheduled for July 10, which made him unavailable for trial before July 13. Additionally, Amble fails to show any prejudice from the continuance because the July 24 trial

---

[1] Amble fails to address the application of the rule under CrR 3.3(b)(5), that once a continuance is granted, the delay caused by the continuance is not included in the allowable time for trial deadline. Thus, here, the new allowable time for trial was August 24, 30 days after July 24.

date was only 11 days later, and the new trial date was within the maximum allowable time for trial under CrR 3.3.

Given the trial court's broad discretion in granting a continuance and the absence of any prejudice, we hold that the trial court did not abuse its discretion in granting a continuance based on the prosecutor's unavailability. Because the trial court did not abuse its discretion in granting the State's continuance, we hold that the trial court did not violate Amble's time for trial right. We affirm Amble's conviction for third degree assault of a child.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

BJORGEN, J.