# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54543-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MARK ALLEN RANEY, | |
| Appellant. | |

MAXA, J. – Mark Raney appeals his convictions of four counts of first degree rape, four counts of first degree kidnapping, and three counts of first degree robbery. He claims that the trial court violated the time for trial rules in CrR 3.3 by granting multiple continuance motions, which resulted in his trial occurring 539 days after his arrest. He also appeals the imposition of community custody supervision fees imposed as a legal financial obligation (LFO).

We hold that (1) the trial court's continuances did not violate the time for trial rules in CrR 3.3, and (2) the community custody supervision fees should be stricken from the judgment and sentence because the trial court stated an intention to impose only mandatory LFOs.

Accordingly, we affirm Raney's convictions, but we remand for the trial court to strike the community custody supervision fees from the judgment and sentence.

FACTS

On September 4, 2018, the State charged Raney with two counts of first degree rape, two counts of first degree kidnapping, and one count of first degree robbery. The State later amended the charges to four counts of first degree rape, four counts of first degree kidnapping, and three counts of first degree robbery. The trial court set bail at $600,000. There is no indication in the record that Raney was released on bail.

The trial court granted three continuances between October 2018 and April 2019, which Raney does not challenge. On April 5, 2019, both parties requested that trial be continued to July 23. The trial court granted the parties' motion.

On July 23, the State moved for a continuance because the prosecutor was in trial on another matter. At the continuance hearing, the prosecutor advised that the parties had not yet interviewed one of the victims. After counsel for both parties shared their upcoming conflicts, the trial court continued trial to August 6 without objection. The grounds for the continuance were the written agreement of the parties under CrR 3.3(f)(1) and for the administration of justice under CrR 3.3(f)(2). Raney personally signed the order.

On August 6, the parties were ready for trial and the case was assigned to a courtroom, but there were no jurors available until the following week. However, with that delay the trial could not be completed before both the prosecutor and defense counsel had planned vacations later in August. Therefore, the trial court continued the trial to October 9. The continuance order stated that both the State and Raney moved for a continuance. The grounds for the continuance were the written agreement of the parties under CrR 3.3(f)(1) and the unavailability of jurors/courtrooms to accommodate the schedules of both parties. Raney personally signed the order.

On October 9, both parties again moved for a continuance. Defense counsel explained that one of Raney's two defense attorneys was going to be out for family leave and that a replacement was being made to the team. The prosecutor also was in another trial. The court continued the trial to January 14, 2020. Raney personally signed the order.

On January 10, the State moved for a continuance to February 18 because the prosecutor was in trial. At a hearing on the motion, Raney agreed to the continuance. The court granted the motion. The order set the time for trial deadline at March 16. Raney personally signed the order.

On February 18, the prosecutor stated that it appeared there were no courtrooms available, but the court administration told her that there likely would be an open courtroom the following Monday. The trial court continued the trial until February 24. Neither party objected. At that time, there were 27 days until expiration of the time for trial deadline. Raney refused to sign the continuance order, but defense counsel signed it.

On February 24, both parties again were ready for trial, but the trial judge was sick and there were no courtrooms available. The trial court rescheduled the trial for the next day. Neither party objected. Raney personally signed the continuance order.

The case proceeded to trial on February 25, 539 days after Raney was arrested. The jury found Raney guilty on all counts.

At sentencing, the trial court found Raney indigent and stated that it was imposing only the two mandatory LFOs. However, the preprinted judgment and sentence required, as a condition of community custody, that Raney pay supervision fees as determined by the Department of Corrections.

Raney appeals his convictions and the imposition of community custody supervision fees.

3

ANALYSIS

A.     TIME FOR TRIAL VIOLATION

Raney argues that the trial court violated the time for trial rules in CrR 3.3 by granting multiple continuances. Specifically, he claims that the trial court erred by granting the July 23, 2019, August 6, 2019, and February 18, 2020 continuances. We disagree.

1.     CrR 3.3 Provisions

CrR 3.3 governs a defendant's right to be brought to trial in a timely manner. CrR 3.3(b)(1)(i) provides that a defendant who is detained in jail must be brought to trial within 60 days of arraignment. The purpose of this rule is to protect a defendant's constitutional right to a speedy trial. *State v. Kenyon*, 167 Wn.2d 130, 136, 216 P.3d 1024 (2009). A charge not brought to trial within the time limits of CrR 3.3 generally must be dismissed with prejudice. CrR 3.3(h).

CrR 3.3(e) provides that certain time periods are excluded in computing the time for trial. These excludable time periods include continuances the court grants under CrR 3.3(f), CrR 3.3(e)(3), and "[u]navoidable or unforeseen circumstances affecting the time for trial beyond the control of the court or of the parties." CrR 3.3(e)(8). Under CrR 3.3(f), the trial court may continue the trial date based on (1) a written agreement of the parties, which must be signed by the defendant, CrR 3.3(f)(1), and (2) on motion of the court or a party "when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(2).

In granting a motion for a continuance under CrR 3.3(f)(2), "[t]he court must state on the record or in writing the reasons for the continuance." A motion for continuance "by or on behalf of any party waives that party's objection to the requested delay." CrR 3.3(f)(2).

We review an alleged violation of the time for trial rules de novo. *Kenyon*, 167 Wn.2d at 135. However, we review the trial court's decision to grant a continuance under CrR 3.3(f)(2) for an abuse of discretion. *See id.* A court abuses its discretion if its decision is manifestly unreasonable, based on untenable grounds, or based on untenable reasons. *Id.* at 135.

2. Continuance for Prosecutor's Unavailability

On July 23, 2019, the State moved for a continuance because the prosecutor was in trial on another matter. Defense counsel did not object because they still needed to interview a witness.

The court based the continuance in part on the agreement of the parties. Raney evidenced his written approval by signing the continuance order. Therefore, the continuance was proper under CrR 3.3(f)(1). In addition, scheduling conflicts and the need to allow counsel time to prepare for trial both are valid reasons for a continuance. *State v. Flinn*, 154 Wn.2d 193, 200, 110 P.3d 748 (2005). The trial court had tenable reasons to grant the motion for a continuance. There was no abuse of discretion in granting the State's joint motion for a continuance on July 23, 2019.

3. Continuances for Juror Unavailability

On August 6, 2019, the parties were ready for trial, but there were no jurors available until the following week. The delay meant that the trial could not be completed before both counsels' scheduling conflicts later in the month.

The continuance order reflected that both the State and Raney moved for a continuance. The court based the continuance on the agreement of the parties. Raney evidenced his written approval by signing the continuance order. Therefore, the continuance was proper under CrR 3.3(f)(1).

Raney argues the trial court erred in continuing his trial date because it did not set forth details of the court congestion. In *Flinn*, the court held that if court congestion is the sole reason for a continuance "the court would have to document the details of unavailable courtrooms and judges." 154 Wn.2d at 201. But here, the continuance was caused by a lack of jurors, not court congestion. There was a courtroom available – the trial court was ready to proceed with trial on August 6 – if there had been jurors available. There was no abuse of discretion in granting the joint motion for a continuance on August 6.

4.    Continuance for Courtroom Unavailability

On February 18, 2020, the trial court ordered a continuance because there were no courtrooms available. Again, Raney argues that the trial court failed to make the required findings regarding court congestion.

However, this continuance did not extend the trial date beyond the time for trial deadline. The continuance order noted that there were still over three weeks remaining before expiration of the time for trial deadline. Therefore, the continuance did not violate CrR 3.3(b)(1). And to the extent that the trial court erred in granting the continuance apart from CrR 3.3, Raney has not shown that a one-week continuance prejudiced him. There was no abuse of discretion.

B.    COMMUNITY CUSTODY SUPERVISION FEES

Raney argues that the imposition of community custody supervision fees in his judgment and sentence must be stricken. We agree.

Community custody supervision fees are discretionary LFOs because they are waivable by the court. *State v. Bowman*, 198 Wn.2d 609, 629, 498 P.3d 478 (2021). And here, the trial court expressly stated that it intended to impose only mandatory LFOs. In this situation, the supervision fees must be stricken. *Id.*

CONCLUSION

We affirm Raney's convictions, but we remand for the trial court to strike the community custody supervision fees from the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
WORSWICK, J.

_____
LEE, C.J.