# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55437-2-II |
| Respondent, | |
| v. | |
| RUSSELL DEAN KENNEDY, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, A.C.J. — Russell Kennedy was charged with burglary, theft, and, eventually, trespass. His trial had initially been set for December 2019, but the trial court continued the trial date twice so that the court could hear other cases. Then, on March 9, 2020, Kennedy's trial was continued a third time. After a series of emergency orders and other continuances, he went to trial in November 2020 and he was convicted of trespass. Kennedy appeals his conviction, arguing that the trial court's March 9, 2020 continuance violated his right to a speedy trial under CrR 3.3.

We hold that the trial court's March 9, 2020 continuance did not violate Kennedy's right to a speedy trial under CrR 3.3. Accordingly, we affirm Kennedy's conviction for first degree trespass.

## FACTS

Kennedy was charged with second degree burglary and third degree theft. He was arraigned on September 12, 2019, and his trial date was set for December 9, 2019. On December 9, the trial

No. 55437-2-II

court continued Kennedy's trial in order to accommodate a different trial set for the same day. The

trial court noted,

> this is a one judicial district, two different courts. This court has only one facility for holding trials, jury trials down in Skamania County. There are no other facilities available for holding a jury trial down here. This time Mr. Lanz is the attorney for Mr. Kennedy, as well as the attorney for Mr. Perry, who is also scheduled for trial, who is in custody at this time.[1] Mr. Kennedy is out of custody at this point in time. I cannot find the defendant would be prejudiced by the continuance in this matter. It is also necessary in the administration of justice based upon the fact that there is only one courtroom [ ] available. Mr. Lanz is only one person able to try one case at one time.

Suppl. Verbatim Report of Proceedings (VRP) (Dec. 9, 2019) at 35-36. The court then set

Kennedy's trial for January 13, 2020.

> On January 13, the trial court again continued the date for Kennedy's trial:
>
> The court will make a finding that this is a judicial district that has one judge, two courts between the two judicial districts. Skamania County does not have the facilities that are available to go ahead and handle a second jury trial in this matter. The court will make a finding that Mr. Curtis' matter is also scheduled for trial today, it is a sex offense that does go back to 2018, this is older than Mr. Kennedy's matter; in this matter it's a crime against [a] person as well. The court is gonna go ahead and grant one additional requested continuance in this matter. I will indicate I will not grant any additional request for a continuance in this matter . . . but it does find that it is necessary in the administration of justice to continue the matter over one more additional time, [and] that Mr. Kennedy will not be prejudiced in the presentation of his defense by the requested continuance in this matter here today.

Suppl. VRP at 29-30. The court set Kennedy's trial for February 10, 2020. When February 10

came, the court explained that its January 13 continuance allowed the court to reset the trial date,

---

[1] After the other defendant indicated that he was in custody on a different matter, the court noted "that Mr. Perry's matter is older than Mr. Kennedy's." Suppl. VRP (Dec. 9, 2019) at 37.

2

without granting an additional continuance, by March 11 and still be within Kennedy's speedy trial time.[2] Accordingly, the court reset Kennedy's trial for March 9, 2020.

On March 9, a judge pro tempore conducted the court proceedings. The State sought a continuance so that a different trial could proceed in which the defendant was in custody and "facing attempted murder, amongst other serious charges." VRP at 9. The State said that it did not "believe there's another judge or another courtroom available to try Mr. Kennedy's case at this time." *Id.* The trial court granted the continuance, stating,

> I share [defense counsel's] concern and also yours Mr. Kennedy and I discussed this case with Judge Krog a little bit, about that he had indicated that there would be no more continuances on this case, that he wouldn't grant anymore continuances on this case. I didn't mean that I might not grant a continuance on this case and while I don't intend to assert Judge Krog's province in this matter, I think for purposes for, of in the interest of justice, that I am going to continue it. I am not going to dismiss it as the defense had request[ed], but that doesn't mean that Judge Krog may not dismiss this, but if he indicated that there would be no more continuances, the [S]tate understands that and the [S]tate understands the peril that it may place itself in, by asking that it be continued today in order for another trial to go forward.

*Id.* at 12-13. The court set Kennedy's trial for April 13, 2020 in a notice that contained no further explanation or findings regarding the continuance. After a series of emergency orders and other continuances, Kennedy's trial was further delayed. Eventually, Kennedy's case was joined with another, and the co-defendants were tried on November 9, 2020.[3]

The jury found Kennedy guilty of first degree trespass but found him not guilty as to the burglary and theft. Kennedy appeals his trespass conviction.

---

[2] CrR 3.3(b)(5) provides that if any period of time is excluded in computing the time for trial, "the allowable time for trial shall not expire earlier than 30 days after the end of that excluded period."

[3] By this time, the State had added one count of first degree trespass to Kennedy's charges.

TIME FOR TRIAL

Kennedy argues that the trial court violated his right to a speedy trial under CrR 3.3 when it continued his trial on March 9, 2020. We disagree.

A. LEGAL PRINCIPLES

Generally, a criminal defendant who is out of custody must be brought to trial within 90 days of arraignment. CrR 3.3(b)(2)(i), (c)(1). However, a trial court may reset a case outside the time for trial period due to "[u]navoidable or unforeseen circumstances affecting the time for trial beyond the control of the court or the parties." CrR 3.3(e)(8); *State v. Kenyon*, 167 Wn.2d 130, 136-37, 216 P.3d 1024 (2009). Continuances under CrR 3.3(e)(8) are excluded in computing the time for trial. The purpose of CrR 3.3 is to protect a defendant's right to a speedy trial. *Kenyon*, 167 Wn.2d at 136.

If a trial court continues a case due to unavoidable or unforeseen circumstances under CrR 3.3(e)(8), " 'the court must record details of the congestion, such as how many courtrooms were actually in use at the time of the continuance and the availability of visiting judges to hear criminal cases in unoccupied courtrooms.' " *Kenyon*, 167 Wn.2d at 137 (quoting *State v. Flinn*, 154 Wn.2d 193, 200, 110 P.3d 748 (2005)).

We review an alleged violation of the time for trial rules de novo, but we review a trial court's decision whether to grant or deny a continuance for an abuse of discretion. *Id.* at 135. "[W]e will not disturb the trial court's decision unless there is a clear showing it is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " *Id.* (internal quotation marks omitted) (quoting *Flinn*, 154 Wn.2d at 199).

B. ANALYSIS

Here, Kennedy's case had been continued twice before due to unavoidable circumstances. Specifically, on each occasion, his case had been set on the same date as an older, more serious case, and Skamania County has the capacity to try only one jury trial at a time because it has only one courtroom and one judge. Kennedy does not challenge the continuances granted on those two earlier occasions. On March 9, 2020, the trial court again reset the case based on: (1) there being another criminal case involving an in-custody defendant charged with a serious violent felony that was also set for trial that day, and (2) the State's assertion that there were no available judges or courtrooms that could try a second criminal case in Skamania County at the same time as the in-custody case. Kennedy argues that the trial court erred in resetting his case to accommodate the other in-custody case on this occasion because it did not make an adequate record establishing that a continuance was required in the administration of justice.

In *Kenyon*, the defendant's trial was continued when one judge was on vacation and the other judge was presiding over a different trial. 167 Wn.2d at 139. The trial court ruled that the court's unavailability to try the defendant's case was an unavoidable circumstance under CrR 3.3(e)(8). *Id.* at 137. Because "[t]his amount[ed] to court congestion, [ ] the trial court must document the available courtrooms and judges," and the supreme court held that trial court's failure to do so violated the defendant's right to a speedy trial under CrR 3.3. *Id.* at 139. In Kennedy's case, the trial court's December 9 and January 13 continuances were accompanied by this type of discussion, along with findings that the continuance was necessary in the administration of justice and that Kennedy would not be prejudiced by the continuance.

Although the record is not as robust for the parties' court appearance on March 9, 2020, it is clear from the record that the judge pro tempore familiarized himself with Kennedy's case before the March 9 hearing. In seeking a continuance, the State asked the court to try a different case, with the defendant in custody and facing more serious charges, and the State asserted that it believed there were no other available judges or courtrooms. The trial court's prior findings that Skamania County has one judge, one courtroom, and the ability to try only one case at a time were still applicable on March 9, and those findings were in the court's record when it decided to continue Kennedy's trial date on March 9. There is no evidence that Skamania County gained a courtroom between January 13 and March 9. *Kenyon* requires the court to document how many courtrooms were available, and that information was documented in several prior hearings. *Id.* at 137. Therefore, we hold that the trial court did not violate Kennedy's right to a speedy trial under CrR 3.3.[4]

## CONCLUSION

We hold that the trial court's March 9, 2020 continuance did not violate Kennedy's speedy trial rights under CrR 3.3. Accordingly, we affirm Kennedy's conviction for first degree trespass.

---

[4] The State argues that, because Kennedy did not argue that the March 9, 2020 continuance prejudiced the presentation of his defense before the trial court, "he failed to preserve the issue for review." Br. of Resp't at 9. The language regarding prejudice is drawn from CrR 3.3(f)(2), which allows the trial court to continue the trial date when "required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." However, as noted above, Kennedy's case was reset pursuant to CrR 3.3(e)(8), which makes no mention of prejudice. Our supreme court has held that a defendant's speedy trial rights under CrR 3.3 were violated when the trial court failed to document the availability of pro tempore judges and other courtrooms, without any discussion of prejudice. *Kenyon*, 167 Wn.2d at 139. Stated another way, a lack of prejudice to Kennedy would not excuse a trial court improperly resetting a trial date under CrR 3.3(e)(8) as the State appears to contend.

No. 55437-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

WORSWICK, J.

LEE, J.