# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57362-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DEBRA M. WEIST, | |
| Appellant. | |

CHE, J. — Debra M. Weist appeals her 2022 judgment and sentence for possession of a controlled substance with intent to manufacture or deliver, arguing that the trial court violated her time for trial right under CrR 3.3. But at the time, a Lewis County Superior Court General Order addressing the administration of justice during the COVID-19 pandemic excluded a period of time for computation of time for trial, and therefore, Weist's trial was heard within the time requirement. We affirm.

## FACTS

On February 17, 2022, law enforcement contacted Weist for a vehicle infraction. Detective Chad Withrow was on the scene due to a prior narcotics investigation and suspected Weist had delivered methamphetamine to another person earlier that day. Detective Withrow spoke with Weist who told him she had only given "a little bit" of methamphetamine. Clerk's Papers at 46. Weist consented to law enforcement searching her home wherein they discovered a

white crystal substance in a baggie, unused baggies, paraphernalia used to consume methamphetamine, and a digital scale. The white substance was subsequently tested and determined to be methamphetamine.

On February 18, 2022, the State charged Weist with possession of methamphetamine with intent to manufacture or deliver. On February 24, Weist pleaded not guilty and trial was set for the week of May 30. At Weist's next court appearance on March 31, an omnibus hearing was continued to April 14. On May 26, the State moved to continue trial to June 6, believing the time for trial date was June 9. The trial court found good cause due to lack of judicial officers to continue the trial to the week of June 13, which it believed was past the time for trial. Weist waived her right to a jury trial and a bench trial was held on June 16.

The trial court found Weist guilty as charged. Weist appeals.

ANALYSIS

Weist argues that the trial court violated her CrR 3.3 time for trial right. We disagree. While the trial court did improperly calculate Weist's time for trial, she was nonetheless tried within the allowable time for trial due to Lewis County Superior Court General Order GR 21, entered February 9, 2022.[1]

We review an alleged violation of the time for trial rules de novo. *State v. Kenyon*, 167 Wn.2d 130, 135, 216 P.3d 1024 (2009). CrR 3.3 governs a defendant's right to be brought to trial in a timely manner. CrR 3.3(b)(2)(i) provides that a defendant who is not detained in jail

---

[1] Order, No. GR 21, *In Re Emergency Notification Limiting Court Operations Resulting from Public Health Emergency,* at 2-5 (Wash. Feb. 9, 2022) (General Order), https://www.courts.wa.gov/content/publicUpload/COVID19_Lewis/Lewis%20County%20Superior%20Court%20General%20Order%20Feb%209%202022.pdf

must be brought to trial within 90 days of arraignment. The purpose of this rule is to protect a defendant's constitutional right to a speedy trial. *Kenyon*, 167 Wn.2d at 136. A charge not brought to trial within the time limits of CrR 3.3 generally must be dismissed with prejudice. CrR 3.3(h).

CrR 3.3(e) provides that certain time periods are excluded in computing the time for trial. These excludable time periods include continuances the court grants under CrR 3.3(f). CrR 3.3(e)(8). Under CrR 3.3(f), the trial court may continue the trial date based on motion of the court or a party "when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(2).

In response to the COVID-19 pandemic, the Lewis County Superior Court entered a General Order on February 9, 2022, addressing the administrative of justice in the courts. The General Order, in relevant part, provided for out of custody criminal matters as follows:

11.     The hearings and trials of criminal matters continued under these, or previous, orders are required in the administration of justice based upon a good cause finding. Time between the date of this Order, February 9, 2022 and up to and including the defendant's first post-March 11, 2022 appearance are hereby **excluded** when calculating time for trial under applicable rules.

. . . .

20.     The time periods set forth in this General Order are excluded periods for the purposes of computing time for trial. See CrR 3.3(e)(3).

Br. of Resp't App. (General Order) at 3, 5.

No. 57362-8-II

Weist was arraigned on February 24. Under this General Order and CrR 3.3, Weist's time for trial date was 90 days after her first post-March 11, 2022 appearance. Weist's first post-March 11 appearance was the hearing on March 31. Accordingly, Weist's last allowable day for trial was June 29.[2] CrR 3.3(b)(2). Weist's trial started June 16, within the allowable time for trial.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Lee, J.

---

[2] Below, the trial court determined Weist's time-for-trial date as June 9. This erroneous date appears based on the General Order's March 11 date, rather than "the defendant's first post-March 11, 2022 appearance."