IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39602-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TABOR JAMES TAYLOR, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Tabor Taylor appeals his conviction for possession of a stolen motor vehicle. In his opening brief, Taylor argues the trial court violated the time-for-trial rule when it set trial past a purported January 12, 2023 outside trial date, and again when it set trial past a purported February 11, 2023 outside trial date. In his reply brief, he concedes the arguments raised in his opening brief and raises a new issue—whether the 30-day buffer period may be utilized more than once to extend time for trial. We accept his concession, decline to address the issue raised for the first time in his reply brief, and affirm his conviction.

FACTS

Taylor was arrested in Kittitas County on March 8, 2022, and subsequently charged with possession of a stolen motor vehicle. He was arraigned on March 14, 2022,

No. 39602-9-III
*State v. Taylor*

and remained in custody.

Between April 15, 2022, and September 9, 2022, the trial court granted Taylor's

five motions to continue the trial date. From late October 2022 until Taylor's March 8,

2023 trial, the trial court granted six motions for continuance, five of which are germane

to this appeal:

- October 31, 2022. The State moved for a continuance of the November 1, 2022 trial date because the victim had entered behavioral health treatment and would be unavailable for 30 days. The court found good cause[1] and continued the trial to December 13, 2022. Thirty days from this date was January 12, 2023.

- November 16, 2022. The trial court granted defense counsel's motion to withdraw, owing to Mr. Taylor's allegations of ineffective assistance of counsel. Sixty days from withdrawal of counsel was January 15, 2023.

- December 9, 2022. The State moved for a continuance of the trial date because the arresting officer was unavailable to testify. The court granted the motion and continued the trial date to January 4, 2023. Thirty days from this date was February 3, 2023.

- January 3, 2023. The State moved for a continuance of the trial date because the victim was in custody in Spokane and Spokane County would not transport him to Kittitas County. The trial court continued the trial to January 10, 2023, which remained within the time-for-trial date. Although the court characterized the delay as a reset, the corresponding order suggested it was a good-cause continuance.

---

[1] The orders for all five discussed continuances cite "good cause" as their basis. "Good cause" appears to be shorthand for continuances granted in accordance with CrR 3.3(f)(2)—required in the administration of justice that would not prejudice the defendant. On appeal, Mr. Taylor does not challenge any good cause finding.

2

- <u>January 13, 2023</u>. Defense counsel was ill on January 10, 2023, and the trial court apparently struck the trial date. Three days later, because the arresting officer was on paternity leave and could not testify, the State moved for a continuance. The court found good cause for a continuance—citing both defense counsel's illness and witness unavailability. The court continued the trial to February 16, 2023. Thirty days from this date was March 14, 2023.

Trial commenced on March 8, 2023,[2] and Mr. Taylor was found guilty of possession of a stolen vehicle. He timely appeals his conviction.

ANALYSIS

Mr. Taylor's opening brief argues the trial court erred by setting trial past a purported January 12, 2023 outside trial date, and erred again by setting trial past a purported February 11, 2023 outside trial date. His reply brief concedes both issues. For the reasons explained below, we accept his concessions.

Application of time-for-trial rules presents questions of statutory interpretation this court reviews de novo. *State v. Kenyon*, 167 Wn.2d 130, 135, 216 P.3d 1024 (2009).

Where a criminal defendant is in jail, the State must try that defendant within 60 days of commencing charges against him. CrR 3.3(b)(1)(i). The 60-day period resets upon, among other events, disqualification of counsel. CrR 3.3(c)(2)(vii).

---

[2] The trial court granted an agreed continuance on February 15, 2023. That continuance is not relevant to this appeal.

3

Where the trial court grants a continuance upon agreement of the parties—or finds good cause for a continuance upon a motion by either party—that continuance is excluded from the time-for-trial period. CrR 3.3(e)(3), (f). No time-for-trial date will expire sooner than 30 days after the conclusion of any excluded period. CrR 3.3(b)(5).

Here, Mr. Taylor concedes no time-for-trial violation occurred prior to October 31, 2022. Moreover, he does not challenge the validity of any granted continuance. Accordingly, we begin our analysis at October 31, 2022.

On October 31, 2022, the trial court continued trial to December 13, 2022. By operation of the 30-day buffer period, that continuance moved time for trial to a date no sooner than January 12, 2023.

On November 16, 2022, the trial court granted defense counsel's motion to withdraw. This reset the 60-day time-for-trial period, resulting in a time-for-trial date of January 15, 2023.

On December 9, 2022, the trial court on a finding of good cause continued trial to January 4, 2023. Although this remained within the time-for-trial date, the good-cause continuance nevertheless resulted in an excluded period. By operation of the 30-day buffer period, the new time-for-trial date could not have been sooner than February 3, 2023.

On January 3, 2023, the trial court reset trial to January 10, 2023, which remained within the time-for-trial parameters. To the extent this delay constituted a reset rather than a continuance—as the hearing suggested—it did not alter the time-for-trial date. If the delay was a good-cause continuance—as the order suggested—the new time-for-trial date was 30 days after January 10, 2023, or February 9, 2023. Because it will not alter our analysis, we assume here, in deference to Mr. Taylor's argument, the delay was merely a reset, leaving the time-for-trial date as February 3, 2023.

On January 10, 2023, the trial court struck trial because defense counsel was ill. Three days later, on January 13, 2023, the court continued the trial date to February 16, 2023, citing both defense counsel's illness and the unavailability of a State's witness. The January 13, 2023 continuance moved the outside trial date to no sooner than March 18, 2023 (30 days after February 16, 2023). Because Mr. Taylor's trial commenced on March 8, 2023, no time-for-trial violation occurred.

For the first time in his reply brief, Mr. Taylor raises the issue of whether the 30-day buffer period may be utilized more than once to extend time for trial. He admits the issue is novel, and he has no authority on point. In general, appellate courts will not consider an issue raised for the first time in a reply brief. *In re Marriage of Bernard*, 165 Wn.2d 895, 908, 204 P.3d 907 (2009); *State v. Eyman*, 24 Wn. App. 2d 795, 814,

No. 39602-9-III
*State v. Taylor*

521 P.3d 265 (2022), *review denied*, 1 Wn.3d 1021, 532 P.3d 151 (2023). The lack of authority on the untimely raised issue further supports our decision not to consider it.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Pennell, J.

Staab, J.

6